requiring a different procedure when the defendant is a minor from that in other cases. Courts will always be careful to protect the substantial rights of infants in criminal as well as civil cases, but guardians *ad litem* are not appointed for such defendants in criminal cases and the procedure is the same whether the defendants are infants or adults. *Cutter v. People,* 184 Ill. 395, 396. In the instant case, so far as the arrest and trial are concerned, the form is criminal, though the proceeding is in effect civil, and therefore it was neither necessary nor proper for the court to appoint a guardian *ad litem* for defendant. The defendant, who was nineteen years old at the time of the trial, did not deny that he was the father of the child.

The Municipal Court clearly had jurisdiction of the persons and the subject-matter, and no prejudicial error having been committed, the judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*

---

### Ellen L. Norton, Defendant in Error, v. W. J. Peer, Plaintiff in Error.

#### Gen. No. 20,771. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed April 10, 1916.

#### Statement of the Case.

Action by Ellen L. Norton, plaintiff, against W. J. Peer, defendant, in forcible detainer to recover possession of a barn. From a judgment in favor of plaintiff, defendant brings error.

Plaintiff was the owner of a lot on which was a residence, No. 4352 Calumet avenue, and a barn. For

*o*

some years she had occupied the entire premises as her home. In January, 1914, she made a written lease to defendant of premises described therein as "House known as 4352 Calumet Ave.," the term to commence May 1, 1914, and expire April 30, 1916. Several weeks before the term began, defendant obtained from plaintiff permission to take immediate possession of the barn, and plaintiff removed her electric car therefrom and delivered the barn keys to defendant, who thereafter occupied it with his motor car. It also appeared that at the request of plaintiff's agent the defendant paid an additional insurance premium which was required on account of the occupancy of the barn with a gasoline car. There were also provisions in the lease which indicated that all the buildings on the lot were included in the demised premises.

William Friedman, for plaintiff in error.

No appearance for defendant in error.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

Landlord and tenant, § 34*—when lease of designated house construed as including barn on premises. In an action of forcible detainer by a landlord against a tenant to recover possession of a barn, evidence held sufficient to establish that it was the understanding between lessor and lessee that the premises demised should include the entire lot with all the buildings thereon, the court taking the character of the neighborhood into consideration, and it appearing that the premises were described in the lease as a house known as a certain street number, that defendant obtained permission from plaintiff to take immediate possession of the barn thereon several days before the term began, that plaintiff removed her electric car from it, that defendant occupied it with his gasoline car, and that defendant paid an additional insurance premium required on account of the presence of a gasoline car in the barn.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.